The Honorable Gordon Webb, Prosecuting Attorney 14th Judicial District P.O. Box 483 Harrison, Arkansas 72601-0483
Dear Mr. Webb:
This official Attorney General opinion is rendered in response to a question you have raised concerning a possible vacancy in the office of tax collector, and the possibility of the appointee being elected to the office.
You indicate that three individuals will vie for the office of tax collector in the Democratic primary in May. The term of office will begin in January, 1999. No one is running for this office on the Republican or Independent tickets. You anticipate that the current tax collector will resign from office after the May primary, but before the end of the current term of office.
You have asked:
 If the person who wins the Democratic primary is appointed to finish out the remainder of the current tax collector's term of office, can that person take office in January, given the fact that he will already, in effect, have been elected to the office at the primary (since there is no Republican or Independent opponent)?
It is my opinion that if the person who wins the democratic primary is appointed to fill the vacancy before the November election, he cannot take office in January. It is my opinion further, however, that if this person is appointed after the November election, he can take office in January.
Your question is governed by Amendment 29, § 2 of the Arkansas Constitution, which states in pertinent part: "No person appointed under Section 1 shall be eligible for appointment or election to succeed himself." This prohibition has been codified for county offices, as follows:
 (E) SUCCESSIVE TERMS OF APPOINTED OFFICER PROHIBITED. No person appointed to fulfill a vacant or unexpired term of an elective county office shall be eligible for appointment or election to succeed himself.
A.C.A. § 14-14-1310(a)(2)(E).
A candidate who wins a party primary has not yet been elected to the office for which he is running. Rather, he has merely been chosen as his party's nominee for election. This conclusion is evident from the definition of the term "primary election" that appears in the election statutes as follows:
 As used in this title, unless the context or chapter otherwise requires:
 (1)(A)(2) "Primary election" means any election held by a political party in the manner provided by law for the purpose of selecting nominees of said political party for certification as candidates for election at any general or special election in this state;
A.C.A. § 7-1-101(1)(A)(2). See also A.C.A. § 7-7-102.
The nominee who is chosen at the primary election is not elected to the office for which he is running until the general election, even if he has no opponent. He is not the official winner of the election until he has been certified as such in accordance with A.C.A. § 7-5-701. He therefore is not "elected" until the general election.
Because the candidate who has won the nomination at the primary has not yet been elected, I must conclude that under the provisions of Amendment 29, § 2, if that individual is appointed to fill a vacancy in an office prior to the general election, he will not be eligible to take the office in January.
However, if the unopposed candidate who has won the primary is appointed to fill the vacancy after the November election, he can take office in January, assuming that he is certified to be the winner of the general election. I have previously opined that the strictures of Amendment 29, § 2 do not apply to an individual who has already been elected. See Op. Att'y Gen. No. 94-368.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh